GIANT EAGLE, INC., Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 1997.

Decided Jan. 13, 1998.

Warner Mariani, Pittsburgh, for Petitioner.

Sarah C. Yerger, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Giant Eagle, Incorporated appeals an Unemployment Compensation Board of Review order upholding a referee's decision not to deny claimant James P. Emerson benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937)(2897), *as amended,* 43 P.S. 802(e) [relating to disqualification from unemployment compensation where a claimant's termination is due to willful misconduct].

Emerson was last employed as a grocery bagger and cart retriever by Giant Eagle. On February 19, 1997, Emerson was discharged for leaving the work site without authorization. Emerson, who prior to his shift purchased a drink at a take-out establishment that shares the parking lot with Giant Eagle, returned to that establishment during this shift because he had forgotten to get napkins.

It was found by the Board that Emerson has a learning disability, that he suffers from attention deficit disorder, is dyslexic and has a low comprehension level, that he has minimal reading and communicative skills and is dependent on family relationships for critical decision making.

The Board noted that it was not contested that Emerson's conduct was a work rule violation, but concluded that he did not willfully or knowingly violate that rule.

Giant Eagle argues on appeal that the Board erred as a matter of law because the evidence established that Emerson knew of the rule against leaving the premises without permission and knew that to do so was wrong. Thus, Giant Eagle argues, willful misconduct was established, and Emerson failed to show that his mental incapacity rendered his actions excusable.

The Board now agrees with Giant Eagle and seeks to withdraw its opposition to Giant Eagle's appeal. The Board asserts that a review of the testimony reveals Emerson clearly admitted leaving the Giant Eagle parking lot and knew he was wrong. Thus, notwithstanding the uncontested fact of his diminished mental capacity, Emerson was not able to establish that his condition excused his actions.

Before proceeding to the disposition of this appeal, which would otherwise require little, if any, elaboration, we note that a Notice to

Participate was served by United States Mail, First Class on the claimant, who would obviously be, along with employer, the person most affected by the Board's decision not to contest the employer's appeal. Emerson has apparently chosen not to participate, since no Notice or Application for Intervention was filed. Nonetheless, we also note that the Board's subsequently filed brief, in which it first made mention of its decision to withdraw opposition to Giant Eagle's appeal, was not served on Emerson.

However, the fact remains that Emerson did not intervene. We are also satisfied that Emerson is not prejudiced by the Board's request that we reverse its order granting benefits. Emerson began receiving benefits March 8, 1997, the end of the applicable waiting week, and so no decision now sustaining Giant Eagle's appeal will effect a termination of compensation payments. In addition, Emerson's claim is governed by Section 804(b)(1) of the Law, which precludes recoupment of those benefits by way of deduction from future benefits when, absent misrepresentation or non-disclosure, an "overpayment is created by reason of ... subsequent reversal of two decisions of eligibility...." 43 P.S. § 874(b)(1). No unemployment compensation that Emerson may in the future receive may be recouped by the Board.

We will therefore grant Giant Eagle's appeal and order that the Board's decision be reversed.

### ORDER

AND NOW, this 13th day of January, 1998, the decision of the Unemployment Compensation Board of review, at No. B–362753 dated July 16, 1997, is hereby reversed.